UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN THREATS #937099,

    Plaintiff,

v.                                                            Hon. Hala Y. Jarbou

CITY OF GRAND RAPIDS and                 Case No. 1:22-cv-1023
COUNTY OF KENT,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 3.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, and pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **DISMISS** Plaintiff's complaint as frivolous and for failure to state a claim.

### I. Background

Plaintiff DeShawn Threats is presently incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility (LCF) in Coldwater, Michigan. He is serving a

life sentence for homicide-felony murder, Mich. Comp. Laws §§ 750.316B, 769.10, imposed on July 1, 2014, following a jury trial in the Kent County Circuit Court.[1]

Plaintiff sues the City of Grand Rapids and the County of Kent, alleging that they violated his rights to liberty and due process by allowing citizens elected as judges, prosecuting attorneys, and magistrates to serve in those positions without being attorneys licensed to practice law. In particular, he asserts that Defendants "enforce[d] an unconstitutional statute which allows elected citizens to not only hold office as [sic] but, to be granted titles of judge, prosecuting attorney, and magistrate without first being an attorney who is licensed to practice law, as the constitution requires." (ECF No. 1 at PageID.3.) Plaintiff does not identify the statute or provision of the constitution that allegedly imposes these requirements. He further alleges that on August 15, 2013, the City allowed one of its police officers to arrest Plaintiff pursuant to a warrant issued by a judge of the State of Michigan 61st District Court who was not an attorney licensed to practice law, and therefore "lacked all legal authority and jurisdiction to sign said warrant." (*Id.*) Plaintiff also alleges that the County unlawfully detained Plaintiff in its jail facility from August 14, 2013, through July 1, 2014, based on the unlawful warrant and that the County and City allowed prosecuting attorneys "Helen Brinkman (bar #P40233) and William A. Forsyth (bar #P23770)," and Kent County Circuit Court Judge "Donald Johnston (bar #P15554)" to participate in the prosecution of and/or preside over his criminal case when they were not licensed to practice law. (*Id.*)

For relief, Plaintiff seeks an order directing Defendants to act in conformity with the constitution and discontinue the practice of allowing non-attorney citizens to unlawfully assert

---

[1] *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=937099.

authority as prosecutors and judges. Plaintiff further seeks $30 million in damages and an order directing the warden of LCF to release him.

## II.  Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

### III. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's claims fail on multiple grounds.[2] First, his own allegations show that they are frivolous to the extent they concern former Kent County Prosecutor Forsyth, assistant prosecuting attorney Helen Brinkman, and former Kent County Circuit Judge Johnston, as he recites their State Bar of Michigan "P numbers," which indicate that they are attorneys licensed to practice law in Michigan. *See Yee v. Michigan Supreme Court*, No. 06-CV-15142, 2007 WL 118931, at *1 n.1 (E.D. Mich. Jan. 10, 2007) ("Although he is acting pro se, the Court notes that Mr. Yee is a member of the State Bar of Michigan and lists a 'P number' alongside his name in all of his pleadings in this matter.").

Second, Plaintiff fails to identify a provision of the federal constitution that requires a prosecutor, judge, or magistrate to be a licensed attorney. The Michigan Constitution does contain such requirement:

> To be qualified to serve as a judge of a trial court, a judge of the court of appeals, or a justice of the supreme court, a person shall have been admitted to the practice of law for at least 5 years.

---

[2] Plaintiff's request for an order for release from custody is improper in this action. As the Sixth Circuit has stated, "release from custody . . . is not available through an action filed pursuant to § 1983." *Alstatt v. Smith*, No. 91-5791, 1991 WL 193747, at *2 (6th Cir. Oct. 1, 1991).

Mich. Const. 1963, art. 6, § 19(2). Nonetheless, this provision does not create a liberty interest under the Due Process Clause of the Fourteenth Amendment. *See Gamez v. Jones*, No. 4:97-cv-76, 1999 WL 33483583, at *1–2 (W.D. Mich. Aug. 9, 1999) ("The applicable state laws governing licensing of judges and attorneys do not limit official discretion, govern official decisionmaking, or require particular outcomes if the articulated substantive predicates are present. Petitioner has not alleged the violation of a liberty interest protected by the Due Process Clause.").

Third, even if Plaintiff had a valid constitutional claim (which he does not), he has sued the wrong parties, as Michigan judges are considered state officials. *See Lafountain v. Meyer*, No. 1:16-cv-658, 2016 WL 3679279, at *2 (W.D. Mich. July 12, 2016) (noting that the Sixth Circuit has determined that Michigan's courts are arms of the state entitled to Eleventh Amendment immunity) (citing *Pucci v. 19th District Court*, 628 F.3d 752, 760–74 (6th Cir. 2010)); *Varner v. Schrock*, No. 1:14-cv-999, 2014 WL 5441807, at *3 (W.D. Mich. Oct. 24, 2014). Similarly, when prosecuting state criminal charges—as occurred in this case—county prosecutors are deemed to be state agents. *See Pinkney v. Berrien Cnty.*, No. 1:21-cv-310, 2021 WL 9316105, at *3 (W.D. Mich. July 20, 2021), *aff'd*, 2022 WL 3572978 (6th Cir. Aug. 19, 2022).

Moreover, to the extent Plaintiff alleges that he was unlawfully arrested and detained based on an invalid warrant, he fails to state a claim against the City or the County because a local government such as a municipality or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a municipality may only be liable under Section 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-37

(2010) (citing *Monell*, 436 U.S. at 694 (1974)). Here, Plaintiff wholly fails to allege that a City or County policy or custom caused an alleged constitutional violation.

Finally, Plaintiff's claims are subject to dismissal, if for no other reason, than because they are clearly barred by the statute of limitations. Although the statute of limitations is an affirmative defense, if the allegations in a complaint show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *see also Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Jones* and holding that if, on the face of a complaint, the allegations show that relief is barred by an affirmative defense (lack of exhaustion), the complaint is subject to dismissal for failure to state a claim).

State statutes of limitations and tolling principles apply to determine the timeliness of claims raised in lawsuits brought pursuant to Section 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). Section 1983 civil rights actions are governed by the state statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). For such actions in Michigan, the statute of limitations is three years. Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam). Accrual of the claims for relief is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis for the action. *Collyer*, 98 F.3d at 220.

As set forth in his complaint, Plaintiff's claims are based upon events that occurred in 2013 and 2014. Plaintiff had reason to know of the alleged violations at or around the time they occurred. However, Plaintiff did not file his complaint until many years after the limitations period expired.

Michigan law no longer tolls the running of the statute of limitations while a plaintiff is incarcerated. Mich. Comp. Laws § 600.5851(9). In addition, it is well-established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. General Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *see also Mason v. Department of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002). Therefore, Plaintiff's action is time-barred.

## IV.  Conclusion

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A for failure to state a claim and because it is frivolous.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Finally, if the Court adopts the foregoing recommendation to dismiss, the dismissal will be a dismissal as described by 28 U.S.C. § 1915(g).

Date:  November 14, 2022  /s/ Sally J. Berens  
SALLY J. BERENS  
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).