UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN THREATS #937099,

    Plaintiff,

v.

    Case No. 1:22-cv-1023

    Hon. Hala Y. Jarbou

CITY OF GRAND RAPIDS,
COUNTY OF KENT,

    Defendants.
_____/

## ORDER

On November 14, 2022, the magistrate judge issued a Report and Recommendation (R&R), recommending that the Court dismiss Plaintiff Deshawn Threats's complaint (ECF No. 5). Before the Court are Threats's objections to the R&R (ECF No. 6).

Under Rule 72 of the Federal Rules of Civil Procedure, the Court must review de novo the portions of the R&R to which objections have been properly made:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). After review, the Court overrules Threats's objections and adopts the R&R.

Threats filed a claim under 42 U.S.C. § 1983, alleging that the City of Grand Rapids and Kent County violated his rights to liberty and due process. Specifically, Threats asserts that the City and County "enforce[d] an unconstitutional statute [that] allows elected citizens to not only hold office [] but[] to be granted titles of judge, prosecuting attorney, and magistrate without first

being an attorney who is licensed to practice law, as the [C]onstitution requires." (Compl. ¶ 3, ECF No. 1.)

Under the Prison Litigation Reform Act, the Court must dismiss prisoner claims if the complaint "is (i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2), 1915A. "The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Just. v. Dove*, No. 1:22-cv-1080, 2023 WL 1228177, at *1 (W.D. Mich. Jan. 31, 2023) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). After this review, the magistrate judge concluded that Threats's complaint was frivolous and failed to state a claim. (R&R, PageID.20.) Consequently, the R&R recommended that Threats's complaint be dismissed. (*Id.*) Threats objects to the R&R's finding that his complaint was frivolous and that he failed to state a claim.

First, Threats believes that he was penalized for failing to cite a federal statute or legal argument in his complaint. (Threats's Obj. to R&R, ECF No. 6, PageID.28.) Threats correctly states that the § 1983 complaint form specifically tells plaintiffs to "not give any legal arguments or cite any cases or statutes." (Compl. ¶ 3.) Threats incorrectly argues, however, that the magistrate judge penalized him for failing to make a legal argument in his complaint. Instead, the magistrate judge pointed out that Threats did not cite a federal constitutional provision to make the point that one simply does not exist. The Constitution does not require prosecutors, judges, or magistrates to be licensed attorneys.

Second, Threats objects to the R&R's finding that he failed to state a claim under § 1983. Threats argues that the R&R did not recognize that the Michigan Constitution requires prosecutors,

judges, and magistrates to be licensed attorneys.  (Threats's Obj. to R&R, PageID.28.)  But the R&R did in fact recognize that Article VI, Section 19(2) of the Michigan Constitution requires all state court judges to be "admitted to the practice of law for at least 5 years."  (R&R, PageID.23-24.)

Nevertheless, "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law." *Reed v. Milligan*, No. 2:23-cv-1, 2023 WL 1097700, at *3 (W.D. Mich. Jan. 30, 2023) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)).  "Because § 1983 is a method for vindicating federal rights, [and] not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed." *Id.* (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)).  Even though the Michigan Constitution requires Michigan judges to be licensed attorneys, a violation of this requirement does not give rise to a valid due process claim under 42 U.S.C. § 1983.  *See Richards v. Snyder*, No. 1:14-cv-84, 2015 WL 3658836, at *6 (W.D. Mich. June 12, 2015) ("Plaintiff's assertion that Defendants violated the Michigan constitution [] fails to state a claim under § 1983."); *Gamez v. Jones*, No. 4:97-cv-76, 1999 WL 33483583, at *1-2 (W.D. Mich. Aug. 9, 1999) ("The applicable state laws governing licensing of judges and attorneys do not limit official discretion, govern official decisionmaking, or require particular outcomes if the articulated substantive predicates are present.  Petitioner has not alleged the violation of a liberty interest protected by the Due Process Clause.").

Additionally, even if a violation of the Michigan Constitution did create a due process claim, Threats's allegations undermine his claim.  Threats listed the "P numbers" of former Kent County Circuit Judge Donald Johnston as well as prosecuting attorneys William Forsyth and Helen

3

Brinkman in his complaint. (Compl. ¶ 3.) "P numbers" indicate that the parties are licensed attorneys in the State of Michigan. *Zanke-Jodway v. Cap. Consultants, Inc.*, No. 1:08-cv-930, 2010 WL 776743, at *1 (W.D. Mich. Mar. 3, 2010) ("The plaintiffs are proceeding pro se, but the court notes that plaintiff [] is an attorney admitted to the Michigan Bar, as indicated by the Michigan Bar membership number ('P' number) underneath her name on the plaintiffs' filings."). The "P numbers" identified by Threats suggest that Johnston, Forsyth, and Brinkman were members of the Michigan State Bar. Therefore, even if the Michigan Constitution created a liberty interest in the Fourteenth Amendment (which it does not), it appears there was no violation here.

Threats further argues that the City and County should be liable for allowing the judge and prosecutors to be "officers of the courts" under Mich. Comp. Laws § 600.901, which he claims to be an unconstitutional statute. (Threats's Obj. to R&R, PageID.30-31.). Mich. Comp. Laws § 600.901 states that members of the state bar are "officers of the courts" once becoming licensed attorneys in Michigan. This statute neither violates the Constitution nor demonstrates that Threats's federal rights were violated.

Third, Threats disputes the R&R's finding that he has sued the wrong Defendants. (Threats's Obj. to R&R, PageID.30.) Threats may have thought that he was suing the Michigan judge and prosecutors in their individual capacities. However, Threats has only named the City and the County as Defendants in this case. "[A] municipality may not be held liable under § 1983 on a *respondeat superior* theory—in other words, '*solely* because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)) (emphasis in original)). To state a claim against a municipality, Plaintiff must allege that the federal violation occurred because of a municipal policy or custom.

4

*Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. at 694).  Threats has failed to do so.

Finally, Threats objects to the R&R's finding that his action is time-barred and argues that there is no applicable statute of limitations in his action.  (Threats's Obj. to R&R, PageID.33.) Civil actions brought under § 1983 are governed by state statute of limitations for personal injury actions.  *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1008 (6th Cir. 2022) (citing *Wallace v. Kat*o, 549 U.S. 384, 387 (2007)). The claims in this action are governed by Michigan's three-year statute of limitations.  Mich. Comp. Laws § 600.5805(2); *see also Olivares v. Long*, No. 20-1774, 2021 WL 466562, at *2 (6th Cir. Jan. 8, 2021) (dismissing plaintiff's claims because they were barred by Michigan's three-year statute of limitations for § 1983 claims). The statute of limitations begins to run when the plaintiff knows or has reason to know of the alleged injury. *Cheeks v. Mich. Dep't of Corr.*, No. 1:21-cv-283, 2021 WL 1439175, at *2 (W.D. Mich. Apr. 16, 2021) (citing *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)).  Threats's claims in this action are based on events that took place in 2013 and 2014.  At that time, Threats would have had reason to know of the alleged violations.  Accordingly, Threats's claims are time-barred.

In sum, the Court overrules Threats's objections and adopts the R&R.  Threats's complaint must be dismissed under 28 U.S.C. §§ 1915(e)(2), 1915A for failure to state a claim and because it is frivolous.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 5) is **APPROVED** and **ADOPTED** as the decision of the Court.

**IT IS FURTHER ORDERED** that Threats's objections (ECF No. 6) to the R&R are **OVERRULED**.

**IT IS FURTHER ORDERED** the Court **CERTIFIES** that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

A judgment will enter in accordance with this order.


Dated: March 1, 2023              /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  CHIEF UNITED STATES DISTRICT JUDGE